Entered on Docket
December 05, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: December 2, 2011

_____
THOMAS E. CARLSON U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 07-30165 TEC |
| LORI MAC, INC., | Chapter 7 |
| Debtor. | |
| E. LYNN SCHOENMANN, Trustee, | Adv. Proc. No. 07-3136 TC |
| Plaintiff, | |
| vs. | |
| PACIFIC SECURITIZATION, INC., PACIFIC SPORTS SECTION, INC., JOHN OLIVERO, and JOHN OLIVERO, III, | |
| Defendants. | |

**MEMORANDUM RE DEFENDANT'S MOTION TO VACATE TAXATION OF COSTS**

On April 7, 2011, the court entered judgment for Plaintiff Trustee, E. Lynn Schoenmann ("Trustee") against Defendant Pacific Sports Section, Inc. ("PSS").

On April 19, 2011, Trustee personally served PSS service with a copy of the Bill of Costs (the "Bill of Costs").

On April 22, 2011, Trustee filed the Bill of Costs for $8,058.18, which included charges of $323.08 for messenger services

MEMORANDUM RE MOTION TO VACATE

-1-

Case: 07-03136   Doc# 100   Filed: 12/02/11   Entered: 12/05/11 12:09:44   Page 1 of 4

1  and $60.00 for telephonic court appearances.
2      On May 3, 2011, PSS filed an objection to the Bill of Costs,
3  alleging *inter alia*, that the Bill of Costs was not filed timely
4  pursuant to Civil Local Rule 54-1(a),(c).
5      On May 6, 2011, Trustee filed a response to PSS's objection,
6  alleging *inter alia*, that the 1-day delay in filing the Bill of
7  Costs was a result of excusable neglect.  The court construes
8  Trustee's response as a motion to enlarge time to file the Bill of
9  Costs based on excusable neglect.
10     The Clerk of the Bankruptcy Court did not take any action on
11 the Bill of Costs.
12     On October 10, 2011, Trustee filed an Amended Bill of Costs
13 (the "Amended Bill of Costs") for $7,675.10, which omitted charges
14 for messenger services and telephonic court appearances.
15     On October 11, 2011, the Clerk of the Bankruptcy Court taxed
16 costs against James S. Monroe, Esq. in the amount of $7,675.10.
17     On October 18, 2011, PSS filed a motion to vacate the clerk's
18 taxation of costs ("Motion to Vacate").
19     On November 18, 2011, the court held a hearing on the Motion
20 to Vacate.  James S. Monroe appeared for PSS.  Aron M. Oliner
21 appeared for Trustee.  Upon due consideration, and for the reasons
22 stated on the record at the hearing, the court hereby resolves the
23 motion as follows:
24     (1) The Motion to Vacate should be denied.  The Trustee was
25 the prevailing party against PSS and the time limits for filing a
26 bill of costs pursuant to Federal Rule of Civil Procedure 54(d)(1)
27 may be enlarged under Federal Rule of Bankruptcy Procedure
28 9006(b)(1) for excusable neglect, which is present in this case,

because there is no prejudice to PSS, because a 1-day delay in filing the Bill of Costs is *de minimis*, because PPS was personally served with a copy of the Bill of Costs within 14 days after entry of the judgment, and because there is no evidence of bad-faith by Trustee.

(2) The request to reduce the amount of taxed costs should be denied, because the Amended Bill of Costs does not include charges for messenger services or telephonic appearances, because costs for reproducing discovery documents and trial exhibits are recoverable, and because PSS raised for the first time at the hearing that the Amended Bill of Costs included excessive costs for photocopying.

(3) The Amended Bill of Costs should be taxed and enforceable against only PSS and should not be taxed and enforceable against: (a) Pacific Securitization, Inc.; (b) John Olivero; (c) John Olivero III; or (d) James S. Monroe, Esquire.

**END OF MEMORANDUM**

## Court Service List

Pacific Sports Section, Inc.
655 Montgomery Street, Suite 800
San Francisco, CA 94111